UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

NATHAN A. GRAHAM,              )      Case No. 3:05CV0159
                               )
         Petitioner,           )
                               )
    vs.                        )      JUDGE JAMES GWIN
                               )      (Magistrate Judge McHargh)
MARGARET BRADSHAW,             )
         Warden,               )
                               )
         Respondent.           )      REPORT AND
                               )      RECOMMENDATION

McHargh, Mag.J.

        The petitioner Nathan Graham ("Graham") has filed a petition for a writ

of habeas corpus arising out of his 1997 convictions for two counts of possession

of a dangerous ordnance in the Hancock County, Ohio, Court of Common Pleas.

(Doc. 1.)   Graham raises three grounds for relief in his petition:

        1.  Petitioner was denied the effective assistance of counsel in
        violation of the Sixth and Fourteenth Amendments.

        2.  Petitioner's right to due process of law was violated by a
        conviction obtained in the face of his immunity from prosecution
        therefor, in violation of the Fifth and Fourteenth Amendments.

        3.  Petitioner's guilty plea was not entered into knowingly,
        voluntarily or intelligently, or with the advice of competent
        counsel, in violation of the due process clause of the Fifth
        Amendment.

(Doc. 1.)

## I.  FACTUAL AND PROCEDURAL BACKGROUND

The Ohio Court of Appeals set forth the following factual background:

This case originally arose out of allegations that Graham had been in possession of stolen property. Graham voluntarily discussed the allegations with the Hancock County Sheriff's Office in May, 1996. During the conversation with law enforcement, Graham stated that he had possession of two firearms and gave officers the location of the firearms. Graham then voluntarily surrendered the two firearms, a shotgun with a sixteen inch sawed-off barrel and a .22 caliber rifle with a fourteen inch sawed-off barrel.

On May 15, 1996, Graham was indicted on a three count indictment, including: one count of receiving stolen property, in violation of [Ohio Rev. Code §] 2913.51, a felony of the third degree; and two counts of possession of a dangerous ordnance, violations of R.C. 2923.17, felonies of the fourth degree. Graham was appointed counsel from the Public Defender's Office. On June 17, 1996, Graham's appointed counsel filed a motion to withdraw as counsel of record, which was granted by the trial court. Graham was then appointed new counsel. On October 31, 1996, Graham's new appointed counsel filed a similar motion to withdraw as counsel of record. However, this motion was later withdrawn on December 9, 1996.

On March 19, 1997, pursuant to a plea agreement, Graham entered a plea of guilty to the two counts of possession of a dangerous ordnance (case number 96-101-CR) in exchange for the dismissal of the count of receiving stolen property. A presentence investigation was ordered by the trial court and a sentencing hearing was held on May 27, 1997. Graham was sentenced to eighteen months of incarceration for each count of possession of a dangerous ordnance, to be served concurrently. Graham served his entire eighteen month sentence of incarceration. Graham never filed a direct appeal or postconviction relief petition in the case.

In 1999, Graham was indicted and convicted of unrelated charges in the Common Pleas Court of Hancock County in case number 99-25-CR. Graham's March 19, 1997 conviction of two counts of possession of a dangerous ordnance (case number 96-101-CR), the subject of the instant action, was used to enhance the sentence imposed upon Graham in case number 99-25-CR.

2

> On October 27, 2003, Graham filed a motion to withdraw his guilty plea in case number 96-101-CR. The trial court denied the motion on January 7, 2004.

(Doc. 18, RX 56; State v. Graham, No. 5-04-02, 2004 WL 1302245, at *1 (Ohio Ct. App. June 14, 2004).)

Graham appealed the denial of his motion to withdraw his guilty plea, presenting three assignments of error:

> 1. The trial court erred as a matter of law in finding that the immunity from prosecution set forth in the mandatory language of R.C. § 2923.23 is not self effectuating.
>
> 2. The trial court erred and abused its discretion in its factual findings where the findings are contradicted by the record in this case.
>
> 3. The trial court erred as a matter of law in determining that counsel was not ineffective for exposing appellant to prohibited prosecutions.

(Doc. 18, RX 53.) The court of appeals found that the trial court did not abuse its discretion in denying the motion, and affirmed the judgment below. (Doc. 18, RX 56; Graham, 2004 WL 1302245, at *1.) The court denied his application for reconsideration on July 6, 2004. (Doc. 18, RX 58.)

Graham filed a timely appeal with the Ohio Supreme Court on July 12, 2004, setting forth a single proposition of law:

> The mandatory language contained in R.C. § 2923.23(A) demonstrates a legislative intent that the immunity provisions set forth therein prohibit the prosecution of an individual for unlawful possession of dangerous ordnance where the voluntary disclosure

> of possession and surrender conditions are met, and the immunity
> set forth therein is, therefore, self-executing.

(Doc. 18, RX 60.)  On Oct. 13, 2004, the Ohio Supreme Court denied leave to

appeal and dismissed the appeal as not involving any substantial constitutional

question.  (Doc. 18, RX 62; State v. Graham, 103 Ohio St.3d 1480, 816 N.E.2d

255 (2004).)

Graham filed his petition for habeas relief in this court on Jan. 28, 2005.

On March 15, 2005, the court denied the petition as time-barred, and dismissed

the action, pursuant to Rule 4 of the Rules Governing Section 2254 Cases.  (Doc.

4-5.)  The Sixth Circuit vacated that judgment on Oct. 27, 2006, finding that the

court was required to give Graham notice and an opportunity to be heard before

dismissing his petition on statute of limitations grounds.  (Doc. 9; Graham v.

Bradshaw, No. 05-3567 (6th Cir. Oct. 27, 2006) (citing Day v. McDonough, 547

U.S. 198, 126 S.Ct. 1675, 1684 (2006).)

Subsequently, under a revised briefing schedule, the respondent filed a

return of writ on Apr. 30, 2007, and Graham filed a traverse on May 31, 2007.

(Doc. 14, 21.)


II.  HABEAS CORPUS REVIEW

This case is governed by the Antiterrorism and Effective Death Penalty

Act of 1996 (AEDPA), 28 U.S.C. § 2254, which provides the standard of review

that federal courts must apply when considering applications for a writ of

habeas corpus.  Under the AEDPA, federal courts have limited power to issue a

writ of habeas corpus with respect to any claim which was adjudicated on the

merits by a state court.  The Supreme Court, in Williams v. Taylor, provided the

following guidance:

> Under § 2254(d)(1), the writ may issue only if one of the following
> two conditions is satisfied -- the state-court adjudication resulted
> in a decision that (1) "was contrary to ... clearly established
> Federal law, as determined by the Supreme Court of the United
> States," or (2) "involved an unreasonable application of ... clearly
> established Federal law, as determined by the Supreme Court of
> the United States."  Under the "contrary to" clause, a federal
> habeas court may grant the writ if the state court arrives at a
> conclusion opposite to that reached by this Court on a question of
> law or if the state court decides a case differently than this Court
> has on a set of materially indistinguishable facts.  Under the
> "unreasonable application" clause, a federal habeas court may
> grant the writ if the state court identifies the correct governing
> legal principle from this Court's decisions but unreasonably applies
> that principle to the facts of the prisoner's case.

Williams v. Taylor, 529 U.S. 362, 412-13 (2002).  See also Lorraine v. Coyle, 291

F.3d 416, 421-422 (6th Cir. 2002), cert. denied, 538 U.S. 947 (2003).

A state court decision is "contrary to" clearly established Supreme Court

precedent "if the state court applies a rule that contradicts the governing law

set forth in [Supreme Court] cases."  Williams, 529 U.S. at 405.  See also Price

v. Vincent, 538 U.S. 634, 640 (2003).

A state court decision is not unreasonable simply because the federal

court considers the state decision to be erroneous or incorrect.  Rather, the

federal court must determine that the state court decision is an objectively

unreasonable application of federal law.  Williams, 529 U.S. at 410-12; Lorraine, 291 F.3d at 422.

Graham has filed his petition pro se.  The pleadings of a petition drafted by a pro se litigant are held to less stringent standards than formal pleadings drafted by lawyers, and will be liberally construed.  Urbina v. Thoms, 270 F.3d 292, 295 (6th Cir. 2001) (citing Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972) (per curiam)).  Other than that, no special treatment is afforded litigants who decide to proceed pro se.  McNeil v. United States, 508 U.S. 106, 113 (1993) (strict adherence to procedural requirements); Jourdan v. Jabe, 951 F.2d 108 (6th Cir. 1991); Brock v. Hendershott, 840 F.2d 339, 343 (6th Cir. 1988).

### III.  HABEAS CHALLENGE TO EXPIRED SENTENCE

The petition attacks Graham's 1997 conviction (case number 96-101-CR). (Doc. 1, §§ 1-4.)  Graham alleges that ineffective assistance of counsel led to his guilty plea and conviction, which was later used to enhance a subsequent criminal sentence in a 1999 conviction (case no. 99-25-CR).  (Doc. 1, at §§ 12A. and 12.C.; doc. 21, at 1, 3.)  He also contends that his prosecution in the 1997 case was contrary to Ohio law.  (Doc. 1, at § 12.B.; doc. 21, at 2, 4.)

The respondent argues that this district court may not consider Graham's claims challenging his expired sentence.  (Doc. 14, at 12-17, citing Maleng v. Cook, 490 U.S. 488 (1989), and Lackawanna County Dist. Atty. v. Coss, 532

U.S. 394 (2001).)  It is undisputed Graham has completely served his sentence

for the 1997 convictions (in the 96-101-CR case).  (Doc. 18, RX 56, at 3; Graham,

2004 WL 1302245, at *1.)

The habeas statute provides that a federal court "shall entertain an

application for a writ of habeas corpus in behalf of a person in custody pursuant

to the judgment of a State court only on the ground that he is in custody in

violation of the Constitution or law or treaties of the United States."  28 U.S.C.

§ 2254(a).  The statute requires that the petitioner be "in custody" under the

conviction or sentence under attack when his petition is filed.  Steverson v.

Summers, 258 F.3d 520, 522 (6th Cir. 2001) (quoting Maleng, 490 U.S. at 490-

491).

Similar to the petitioner  in Lackawanna County Dist. Atty. v. Coss, 532

U.S. 394 (2001), Graham is attacking his earlier (1997) conviction, although he

is no longer serving the sentence imposed by that conviction.  He is, however,

serving the sentence for his 1999 conviction, which was enhanced by the 1997

conviction.  In Coss, the Supreme Court found this sufficient to satisfy Sect.

2254's "in custody" requirement.  Coss, 532 U.S. at 401-402.

However, the Supreme Court held that:

> . . . once a state conviction is no longer open to direct or collateral
> attack in its own right because the defendant failed to pursue
> those remedies while they were available (or because the
> defendant did so unsuccessfully), the conviction may be regarded
> as conclusively valid.  If that conviction is later used to enhance a
> criminal sentence, the defendant generally may not challenge the

> enhanced sentence through a petition under § 2254 on the ground
> that the prior conviction was unconstitutionally obtained.

Coss, 532 U.S. at 403-404.  See also Steverson, 258 F.3d at 524.  Here,

Graham's 1997 state conviction is no longer open to direct or collateral attack

because he failed to pursue  a direct appeal or post-conviction relief while those

remedies were available, and because his motion to withdraw his guilty plea

was unsuccessful, thus the 1997 conviction is regarded as conclusively valid.

Therefore, this court would not have subject matter jurisdiction over a habeas

petition attacking that conviction.  Coss, 532 U.S. at 403-404; Buck v. Wilson,

No. 1:05CV2919, 2006 WL 1876537, at *7-*8 (N.D. Ohio June 27, 2006); Elersic

v. Bobby, No. 4:04CV2513, 2006 WL 840362, at *6 (N.D. Ohio Mar. 29, 2006).

The Supreme Court has recognized a single exception[1] to the general

rule, in both Coss and Daniels v. United States, 532 U.S. 374 (2001), "on the

basis that the prior conviction used to enhance the sentence was obtained where

there was a failure to appoint counsel in violation of the Sixth Amendment."

Coss, 532 U.S. at 404.  See also Grigsby v. Cotton, 456 F.3d 727, 730 (7th Cir.

2006), cert. denied, 127 S.Ct. 2246 (2007) (Court recognized single exception).

The exception does not apply here because Graham was represented by counsel

---

[1]Although Justice O'Connor posited that other exceptions to the general rule "might be available," she was not able to persuade the Court to adopt exceptions for either (1) a defendant's failure, through no fault of his own, to obtain timely review of a constitutional claim, or (2) "compelling evidence" of actual innocence.  Coss, 532 U.S. at 395, 405-406 (O'Connor, J.); Abdus-Samad v. Bell, 420 F.3d 614, 630 (6th Cir. 2005), cert. denied, 127 S.Ct. 380 (2006) (in Coss, three-judge plurality "speculated that there might be other exceptions to this rule").

at the plea proceedings.  See doc. 14, RX 2A (plea) and RX 4, at 3, 16 (transcript of plea proceedings).

### A.  Other exceptions

Although the Supreme Court recognized that sole exception, for cases in which there was a failure to appoint counsel, some courts have considered other exceptions that Justice O'Connor (in dicta) ventured "might be available."  One involves a defendant's failure, through no fault of his own, to obtain timely review of a constitutional claim.  A second proposed exception concerns the situation where "a defendant may obtain compelling evidence that he is actually innocent of the crime for which he was convicted, and which he could not have uncovered in a timely manner."  Coss, 532 U.S. at 405 (O'Connor, J.).

In Elersic, the court denied habeas relief, ruling that the petitioner had multiple opportunities to seek review of his conviction in the state court.  Elersic, 2006 WL 840362, at *6.  In addition, although the petitioner did claim actual innocence, the court found he did not base the claim on any newly discovered evidence.  Id. at *7.  In Steverson as well, the court found that the petitioner was unable to point to "any newfound compelling evidence that he was innocent of the crimes."  Steverson, 258 F.3d at 525 n.5.

The court in Buck v. Wilson noted that the petitioner:

> . . . does not allege that he lacked counsel during the plea on his prior conviction and he fails to show that he lacked a channel of review for challenging the prior conviction through no fault of his own or that newly discovered compelling evidence exists to show that he was actually innocent of that crime.

9

Buck, 2006 WL 1876537, at *7 (citing Steverson, 258 F.3d at 524-525).  In fact,

the court pointed out that the petitioner had filed a motion to withdraw his

guilty plea, and pursued the related appeals, as Graham did in this case.  Id.

### B.  Actual innocence

Graham argues that an "actual innocence" exception should apply in this

case.  He states:

> Petitioner demonstrated that the prior conviction was obtained in
> the face of statutory immunity from prosecution under O.R.C.
> §2923.23(A) which demonstrates that he did not, in fact, commit a
> chargeable offense which constitutes actual innocence in the
> context both of plain language and habeas corpus litigation.  See,
> e.g. Sawyer v. Whitley (1992) 505 U.S. 333.

(Doc. 21, at 2.)

> The state court of appeals addressed the immunity argument:

> Graham asserts that he was entitled to immunity from prosecution
> under R.C. 2923.23 because it is undisputed that he fulfilled the
> requirements of the immunity provision.  However, the record does
> not contain a stipulation by the parties as to this fact.  Since
> Graham pled guilty to the charges of possession of a dangerous
> ordnance, the State was not required to present its evidence in
> court proving each of the elements of R.C. 2923.17 and disproving
> each of the immunity requirements of R.C. 2923.23.

(Doc. 18, RX 56, at 7-8; Graham, 2004 WL 1302245, at *3.)  The court

determined that, although there was some evidence which would arguably

support his position,  "the record does not clearly show that Graham was

immune from prosecution on the charge of possession of a dangerous ordnance."

(RX 56, at 9; Graham, 2004 WL 1302245, at *4.)

10

In the habeas context, the Supreme Court has defined the circumstances for the application of actual innocence:

> . . . in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default.

Murray v. Carrier, 477 U.S. 478, 496 (1986).  The Carrier "probably resulted" standard, rather than the more stringent Sawyer standard[2], governs the inquiry when a petitioner raises a claim of actual innocence to avoid a procedural bar to the consideration of the merits of his claims.  Schlup v. Delo, 513 U.S. 298, 326-327 (1995).  The Court clarified that this standard:

> . . .  does not merely require a showing that a reasonable doubt exists in the light of the *new evidence*, but rather that no reasonable juror would have found the defendant guilty. It is not the district court's independent judgment as to whether reasonable doubt exists that the standard addresses; rather the standard requires the district court to make a probabilistic determination about what reasonable, properly instructed jurors would do. Thus, a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the *new evidence*, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.

Schlup, 513 U.S. at 329 (emphasis added).  See, e.g., Souter v. Jones, 395 F.3d 577, 589-590 (6th Cir. 2005).  The Supreme Court has instructed that the actual innocence exception should remain "rare," applied only in the "extraordinary case."  Id. at 321.

---

[2]In Sawyer, the Court amplified the meaning of "actual innocence" in the context of capital sentencing.  Sawyer, 505 U.S. at 340.

Graham is unable to point to any newly discovered "compelling evidence"
that he was innocent of the crime.  Steverson, 258 F.3d at 525 n.5.  Graham
does not present any new factual evidence that would undermine the validity of
his conviction and guilty plea.  See, e.g., Saylor v. Mack, No. 00-4357, 2001 WL
1141294, at *2 (6th Cir. Sept. 17, 2001) (no new evidence to support actual
innocence claim).  See also Ross v. Berghuis, 417 F.3d 552, 555 (6th Cir. 2005)
(petitioner did not claim that he did not commit acts forming basis for
conviction).  Moreover, statutory immunity, even when granted, generally does
not mean that a person is actually innocent (nor guilty) of the crime, only that
the alleged crime will not be prosecuted.  See, e.g., Kastigar v. United States,
406 U.S. 441, 446-447 (1972) (discussing immunity statutes: often, "only
persons capable of giving useful testimony are those implicated in the crime").
Graham has not established those  rare and extraordinary circumstances in
which the actual innocence theory would be applied to save his petition.

For the reasons discussed above, the court does not have subject matter
jurisdiction over Graham's habeas petition, which is based on an allegedly
invalid conviction for which the sentence has been served.  Coss, 532 U.S. at
403-404; Buck, 2006 WL 1876537, at *7-*8; Elersic, 2006 WL 840362, at *6.


IV.  ISSUES ON REMAND

The Sixth Circuit Court of Appeals remanded this case, because this
court failed to give Graham notice and an opportunity to be heard before

12

addressing the statute of limitations issue, and the issue of equitable tolling. (Doc. 9, at 2.)  Graham has now received notice and an opportunity to be heard.

Graham acknowledges the limitations period has run, and that the statutory tolling provisions do not apply.  (Doc. 21, at 3.)  Graham invokes the doctrine of equitable tolling.  Id. (citing Dunlap v. United States, 250 F.3d 1001, 1009 (6th Cir.),  cert. denied, 534 U.S. 1057 (2001)).

"Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control."  Graham-Humphreys v. Memphis Brooks Museum of Art, Inc. 209 F.3d 552, 560-561 (6th Cir. 2000) (citing Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 151 (1984); Johnson v. United States Postal Serv., 64 F.3d 233, 238 (6th Cir. 1995)).  The circumstances which will lead to equitable tolling are rare.  King v. Bell, 378 F.3d 550, 553 (6th Cir. Aug. 3, 2004) (citing Dunlap, 250 F.3d at 1009); Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir.), cert. denied, 531 U.S. 840 (2000) (rare and exceptional).

The following factors are generally considered when the issue of equitable tolling arises:

> (1) lack of actual knowledge of filing requirement; (2) lack of constructive knowledge of filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the notice requirement.

King, 378 F.3d at 553 (quoting Andrews v. Orr, 851 F.2d 146, 151 (6th Cir. 1988)).

However, Graham does not rely on the <u>Andrews</u> factors, but rather argues that his actual innocence should trigger the application of equitable tolling.  (Doc. 21, at 3.)  The Sixth Circuit has noted that the "majority of the courts of appeals which have addressed this question have allowed for equitable tolling based on actual innocence under certain circumstances."  <u>Souter</u>, 395 F.3d at 597 (citing cases).  In <u>Souter</u>, the petitioner had argued that "he should be entitled to equitable tolling because the newly discovered evidence establishes a credible claim of actual innocence."  <u>Id.</u> at 588.  The Sixth Circuit held that "where an otherwise time-barred habeas petitioner can demonstrate that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt," the petitioner should be allowed to benefit from equitable tolling, and have his constitutional claims considered on the merits.  <u>Id.</u> at 602.

Again, under <u>Schlup</u>, the threshold inquiry is whether new facts raise sufficient doubt about Graham's guilt to undermine confidence in his conviction. <u>Souter</u>, 395 F.3d at 590 (quoting <u>Schlup</u>, 513 U.S. at 317).  <u>Souter</u> continued:

> To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt."  [<u>Schlup</u>, 513 U.S. at 327].   The Court has noted that "actual innocence means factual innocence, not mere legal insufficiency."  <u>Bousley v. United States</u>, 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998).  "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." <u>Schlup</u>, 513 U.S. at 324, 115 S.Ct. 851.   The Court counseled

14

> however, that the actual innocence exception should "remain rare"
> and "only be applied in the 'extraordinary case.'" Id. at 321, 115
> S.Ct. 851.

Souter, 395 F.3d at 590.

As discussed in the previous section, Graham has failed to demonstrate
that the actual innocence exception should apply in his situation.  Thus,
equitable tolling should not be applied to save his petition from the expired
statute of limitations.


## V.  SUMMARY

The petition for a writ of habeas corpus should be denied.  The court does
not have subject matter jurisdiction to consider Graham's claims, which are
based on an attack on a 1997 conviction for which he has fully served the
sentence.  Coss, 532 U.S. at 403-404.  Graham has not satisfied any of the
exceptions which might save his petition.

Even if the court had subject matter jurisdiction, Graham's petition
admittedly was untimely filed, and he is not eligible for equitable tolling,
because he has not demonstrated that his case fits within the extraordinary
circumstances which would allow an exception for actual innocence.

RECOMMENDATION

It is recommended that the petition be denied.


Dated:   Oct. 22, 2007          /s/ Kenneth S. McHargh
                                 Kenneth S. McHargh
                                 United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be filed

with the Clerk of Courts within ten (10) days of receipt of this notice.  Failure to

file objections within the specified time WAIVES the right to appeal the District

Court's order.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v.

Walters, 638 F.2d 947 (6th Cir. 1981).

16