```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                            :
NATHAN A. GRAHAM,                           :      CASE NO. 3:05-cv-0159
                                            :
           Petitioner,                      :
                                            :
vs.                                         :      OPINION & ORDER
                                            :      [Resolving Doc. 22, 27].
MARGARET BRADSHAW,                          :
                                            :
           Respondent.                      :
                                            :
------------------------------------------------------
```

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this opinion and order, the Court considers a petition, filed pursuant to 28 U.S.C. § 2254, arguing that Ohio's use of Petitioner's previous conviction to enhance his sentence was unconstitutional. The Court referred the case to Magistrate Judge Kenneth S. McHargh for a report and recommendation, pursuant to Local Rule 72.1. [Doc. 3]. Magistrate Judge McHargh recommends this Court deny the petition. [Doc. 22]. The Petitioner timely objected to the report. [Doc. 27].

Upon a *de novo* review, of the record and the reasons discussed in the Magistrate Judge's Report and Recommendation, the Court **AMENDS**, in part, the Report and Recommendation and otherwise **ADOPTS** the findings of the Magistrate Judge. The Court **DENIES** Petitioner's application for writ of habeas corpus.

**I. Background**

The Ohio Court of Appeals set forth facts in this case as follows:

Case No. 3:05-cv-0159
Gwin, J.

> This case originally arose out of allegations that Graham had been in possession of stolen property. Graham voluntarily discussed the allegations with the Hancock County Sheriff's Office in May, 1996. During the conversation with law enforcement, Graham stated that he had possession of two firearms and gave officers the location of the firearms. Graham then voluntarily surrendered the two firearms, a shotgun with a sixteen inch sawed-off barrel and a .22 caliber rifle with a fourteen inch sawed-off barrel.
> On May 15, 1996, Graham was indicted on a three count indictment, including: one count of receiving stolen property, in violation of [Ohio Rev. Code §] 2913.51, a felony of the third degree; and two counts of possession of a dangerous ordnance, violations of R.C. 2923.17, felonies of the fourth degree. Graham was appointed counsel from the Public Defender's Office. On June 17, 1996, Graham's appointed counsel filed a motion to withdraw as counsel of record, which was granted by the trial court. Graham was then appointed new counsel. On October 31, 1996, Graham's new appointed counsel filed a similar motion to withdraw as counsel of record. However, this motion was later withdrawn on December 9, 1996.
> On March 19, 1997, pursuant to a plea agreement, Graham entered a plea of guilty to the two counts of possession of a dangerous ordnance (case number 96-101-CR) in exchange for the dismissal of the count of receiving stolen property. A presentence investigation was ordered by the trial court and a sentencing hearing was held on May 27, 1997. Graham was sentenced to eighteen months of incarceration for each count of possession of a dangerous ordnance, to be served concurrently. Graham served his entire eighteen month sentence of incarceration. Graham never filed a direct appeal or postconviction relief petition in the case. In 1999, Graham was indicted and convicted of unrelated charges in the Common Pleas Court of Hancock County in case number 99-25-CR. Graham's March 19, 1997 conviction of two counts of possession of a dangerous ordnance (case number 96-101-CR), the subject of the instant action, was used to enhance the sentence imposed upon Graham in case number 99-25-CR.
> On October 27, 2003, Graham filed a motion to withdraw his guilty plea in case number 96-101-CR. The trial court denied the motion on January 7, 2004.

[Doc. 18, Exhibit 56; *State v. Graham*, No. 5-04-02, 2004 WL 1302245, at *1 (Ohio Ct. App. June 14, 2004)].

Petitioner Graham appealed the trial court's denial of his motion to withdraw his plea arguing that it erred by (1) not holding that he had been immune from the 1996 prosecution and that this immunity was self-effectuating; (2) making factual findings that the record contradicts; and (3) not finding that Petitioner's counsel was ineffective for exposing Petitioner to prohibited prosecutions.

Case No. 3:05-cv-0159
Gwin, J.

[Doc. 18, Ex. 58].  The appellate court denied his appeal, and Petitioner Graham timely requested leave to appeal in the Ohio Supreme Court.  The Ohio Supreme Court denied his request for leave to appeal. [Doc. 18, Ex. 60, 62; *State v. Graham*, 816 N.E.2d 255 (Ohio 2004)].

On January 28, 2005, the Petitioner filed this § 2254 petition attacking the 1996 conviction that the state court used to enhance his current sentence. [Doc. 1].  On March 15, 2005, the Court *sua sponte* dismissed the petition as time-barred. [Doc. 4].  The Petitioner appealed this decision, and the Sixth Circuit reversed the dismissal and remanded the petition for this Court to give the Petitioner notice and an opportunity to be heard. [Docs. 6, 8, 9, 10].  The parties briefed the issues, and Magistrate McHargh issued his report and recommendation on October 22, 2005. [Doc. 22].  The Court extended the time period in which the Petitioner must file objections until December 25, 2007. [Doc. 24, 26].  On December 21, 2007, the Petitioner objected to the Report and Recommendation. [Doc. 27].

## II. Standard of Review

*A. AEDPA*

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), governs the standards of review for state court decisions. The AEDPA provides that federal courts cannot grant a habeas petition for any claim that the state court adjudicated on the merits unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).  *See also Miller v. Francis*, 269 F.3d 609, 614 (6th Cir. 2001).

Case No. 3:05-cv-0159
Gwin, J.

The United States Supreme Court outlined the proper application of § 2254(d) in *Williams v. Taylor*, 529 U.S. 362 (2000). To justify a grant of habeas relief under the "contrary to" clause, "a federal court must find a violation of law clearly established by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision." *Miller*, 269 F.3d at 614 (internal quotations omitted) (quoting *Williams v. Taylor*, 529 U.S. 362 (2000). Meanwhile, "under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 1523. The Sixth Circuit holds that, even if a federal court could determine that a state court incorrectly applied federal law, the court still could not grant relief unless it also finds that the state court ruling was unreasonable. *Simpson v. Jones*, 238 F.3d 399, 405 (6th Cir. 2000).

A violation of state law is not cognizable in federal habeas corpus unless such error amounts to a fundamental miscarriage of justice or a violation of the right to due process in violation of the United States Constitution. *Floyd v. Alexander*, 148 F.3d 615, 619, (6th Cir.), *cert. denied*, 525 U.S. 1025 (1998). It is the obligation of the Court to accept as valid a state court's interpretation of the statutes and rules of practice of that state. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

Moreover, the factual findings of a state court are presumed to be correct. A federal court may only diverge from a state court's factual findings if the petitioner shows by clear and convincing evidence that the findings are erroneous and unreasonable. *See* 28 U.S.C. § 2254(e)(1).

B. The Magistrate Act

The Federal Magistrates Act requires a district court to conduct a *de novo* review only of those portions of the Report and Recommendation to which the parties have made an objection. 28

Case No. 3:05-cv-0159
Gwin, J.

U.S.C. § 636(b)(1). Parties must file any objections to a Report and Recommendation within ten days of service, unless the Court grants an extension of time. Failure to object within that time waives a party's right to appeal the magistrate judge's recommendation. FED. R. CIV. P. 72(a); *see Thomas v. Arn*, 474 U.S. 140, 145 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Absent objection, a district court may adopt the magistrate's report without review. *Thomas*, 474 U.S. at 149.

### III. Analysis

*A. "In Custody"*

This Court has jurisdiction to hear Section 2254 petitions of individuals who are "in custody." 28 U.S.C. § 2254(a); Steverson v. Summers, 258 F.3d 520, 522 (6th Cir. 2001). In *Lackawanna County Dist. Atty. v. Coss*, 532 U.S. 394 (2001), the Supreme Court found that a Petitioner could satisfy the "in custody" requirement if he was attacking a current sentence that the state court had enhanced based upon the prior allegedly invalid conviction. *Id.* at 401-02. Thus, the Petitioner is currently "in custody."

*B. Availability of Section 2254 to Attack Earlier Convictions Used to Enhance Current Sentence*

The Supreme Court further stated that "once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid." *Id.* at 404. Thus, a petitioner "generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained." *Id.*

The Court in *Coss* recognized an exception to this general rule. The majority of the Court

-5-

Case No. 3:05-cv-0159
Gwin, J.

found an exception for cases in which the prior conviction that was used to enhance the sentence occurred without the appointment of counsel, in violation of Gideon v. Wainwright, 372 U.S. 335 (1963). Coss, 532 U.S. at 404. A plurality of the Court speculated that two other exceptions may be available. Id. at 405. Justices O'Connor, Rehnquist, and Kennedy suggested that a Petitioner may still be able to attack the earlier conviction if he or she could not be faulted for failing to obtain timely review or if he or she obtained new evidence to demonstrate actual his or her innocence. Id.

*1. Other Exceptions*

In this case, the Petitioner does not argue that his 1996 conviction violated *Gideon*. Instead, he argues that the Court should consider his petition because he was immune from the prosecution that resulted in the 1996 conviction. Magistrate McHargh recommends that this Court find neither equitable tolling nor the actual innocence exception apply to the Petitioner. The Petitioner objects, arguing that he meets the actual innocence exception. As the Petitioner has failed to object to Magistrate McHargh's determination that no equitable tolling would apply to him, the Court adopts this holding without further discussion.

To show actual innocence, a Petitioner must "persuade[] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Schlep v. Delo, 513 U.S. 298, 329 (1995). "'Actual innocence' means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998). The Court considers whether there are "new facts [that] raise sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." Schlep, 513 U.S. at 317.

The Petitioner argues that he was actually innocent of the 1996 conviction because he had statutory immunity from prosecution under O.R.C. §2923.23(A). That provision states that: "[n]o

Case No. 3:05-cv-0159
Gwin, J.

person who acquires, possesses, or carries a firearm or dangerous ordnance in violation of section 2923.13 or 2923.17 of the Revised Code shall be prosecuted for such violation, if he reports his possession of firearms or dangerous ordnance to any law enforcement authority, describes the firearms of [or] dangerous ordnance in his possession and where they may be found, and voluntarily surrenders the firearms or dangerous ordnance to the law enforcement authority." *Id.*

The state court of appeals found that the record was not conclusive that Petitioner Graham had met the statutory immunity requirements because he had pled guilty, absolving the state from its obligation to prove that he had violated each of the elements of O.R.C. § 2923.17 and disprove the immunity requirements of O.R.C. § 2923.23. [Doc. 18, Ex. 56 at 7; *Graham*, 2004 WL 1302245, at *3.]

Magistrate McHargh recommends that this Court find the actual innocence exception is not met because the Petitioner fails to point to any new facts or evidence. The Petitioner Graham objects to this, arguing that *Schlep* and its progeny do not require new evidence. The Court disagrees. The Court in *Schlep* stated: "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." 513 U.S. at 324. Moreover, the Court continually referenced this requirement for new evidence–a district court considering an actual innocence claim must consider that claim *in light of the new evidence*. Further, in *House v. Bell*, 547 U.S. 518, 538-39 (2006), the Court noted that "a *Schlup* claim involves evidence the trial jury did not have before it." *Id.* at 538.

The Court notes that the Petitioner pled guilty to the 1996 charges pursuant to a plea bargain and received consideration for that plea: Ohio dropped the charge of receiving stolen property. "In

Case No. 3:05-cv-0159
Gwin, J.

cases where the Government has forgone more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must also extend to those charges." *Bousley*, 523 U.S. at 624. The Petitioner has not made any showing of his factual innocence on the receipt of stolen property charge. Rather, he has based his entire argument on his immunity from the crimes to which he pled guilty.

Because Petitioner Graham has failed to show he was actually innocent of the receiving stolen property charge, and because he fails to bring forth any new evidence in support of his actual innocence claim, the Court finds that an actual innocence exception does not apply to his claim. Therefore, the Court finds itself without subject matter jurisdiction over the merits of his claims.

### IV. Conclusion

For the reasons stated above, the Court **AMENDS**, in part, the Report and Recommendation and otherwise **ADOPTS** the findings of the Magistrate Judge. The Court **DENIES** Petitioner's application for writ of habeas corpus.

IT IS SO ORDERED.

Dated: April 18, 2008              *s/          James S. Gwin*
                                    JAMES S. GWIN
                                    UNITED STATES DISTRICT JUDGE